UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

04  10557 JLT

STEVEN WIEGAND, Derivatively On Behalf of
PUTNAM CLASSIC EQUITY FUND, INC.,          )
                                            )
                   Plaintiff,               )
                                            )
        vs.                                 )
                                            )
JOHN A. HILL, JAMESON A. BAXTER,            )
CHARLES B. CURTIS, RONALD J. JACKSON,       )
PAUL L. JOSKOW, ELIZABETH T. KENNAN,        )
LAWRENCE J. LASSER, JOHN H. MULLIN, III,    )
ROBERT E. PATTERSON, GEORGE PUTNAM,         )
III, A.J.C. SMITH, W. THOMAS STEPHENS, W.   )
NICHOLAS THORNDIKE, CHARLES E.              )
PORTER, PATRICIA C. FLAHERTY, KARNIG H.     )
DURGARIAN, STEVEN D. KRICHMAR,              )
MICHAEL T. HEALY, BRETT C. BROWCHUCK,       )
CHARLES E. HALDEMAN, JR., LAWRENCE J.       )
LASSER, BETH S. MAZOR, RICHARD A.           )
MONAGHAN, STEPHEN M. ORSTAGLIO,             )
GORDON H. SILVER, MARK C. TRENCHARD,        )
DEBORAH F. KUENSTNER, JUDITH COHEN,         )
MARSH & MCLENNAN COMPANIES, INC.,           )
PUTNAM INVESTMENT MANAGEMENT, LLC,          )
PUTNAM INVESTMENT FUNDS,                    )
PUTNAM INVESTMENT TRUSTS,                   )
                                            )
                   Defendants.              )
                                            )
        - and -                             )
                                            )
PUTNAM CLASSIC EQUITY FUND, INC., a         )
Massachusetts Corporation,                  )
                                            )
                   Nominal Defendant.       )
_____)

**NOTICE OF REMOVAL**

MAGISTRATE JUDGE _Dein_

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. E.D.M
DATE 3/19/04

PLEASE TAKE NOTICE that Defendants Putnam Investment Management, LLC, Putnam Investments Trust, A.J.C. Smith, Karnig H. Durgarian, Steven D. Krichmar, Michael T. Healy, Brett C. Browchuck, Charles E. Haldeman, Jr., Beth S. Mazor, Richard A. Monaghan, Stephen M. Orstaglio, Gordon H. Silver, Mark C. Trenchard, and Deborah F. Kuenstner (the "Putnam Defendants"), by and through their undersigned counsel, Skadden, Arps, Slate, Meagher & Flom LLP, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action from the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, to the United States Court for the District of Massachusetts, on the following grounds:

1.    On or about January 27, 2004, an action was commenced in the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, captioned <u>Steven Wiegand, Derivatively On Behalf of Putnam Classic Equity Fund, Inc. vs. John A. Hill, Jameson A. Baxter, Charles B. Curtis, Ronald J. Jackson, Paul L. Joskow, Elizabeth T. Kennan, Lawrence J. Lasser, John H. Mullin, III, Robert E. Patterson, George Putnam, III, A.J.C. Smith, W. Thomas Stephens, W. Nicholas Thorndike, Charles E. Porter, Patricia C. Flaherty, Karnig H. Durgarian, Steven D. Krichmar, Michael T. Healy, Brett C. Browchuk, Charles E. Haldeman, Jr., Beth S. Mazor, Richard A. Monaghan, Stephen M. Oristaglio, Gordon H. Silver, Mark C. Trenchard, Deborah F. Kuenstner, Judith Cohen, Marsh & McLennan Companies, Inc., Putnam Investment Management, LLC,</u>

2

<u>Putnam Investment Funds, Putnam Investment Trusts, and Putnam Classic Equity Fund,</u>
<u>Inc.</u>, Civil Action No. 04-0359-F (the "State Court Action").

    2.    The State Court Action purports to be a derivative complaint brought by the holders of the Putnam Classic Equity Fund, Inc. (the "Fund") on its behalf, seeking a remedy for alleged violations in conjunction with its management including common law claims of breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment. (See Compl. ¶¶ 1, 72, 76, 79-101).

    3.    Defendant seeks removal of this case pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (1998), which became law on November 3, 1998. The relevant portion of SLUSA prescribes that "no covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (a) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (b) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1); <u>see also</u> 15 U.S.C. §77p(b). Moreover, "[a]ny covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending . . . ." 15 U.S.C. §§ 77p(c) and 78bb(f)(2).

3

4.      This action is a "covered class action" within the meaning of 15 U.S.C. § 77p(f)(2)(A) and/or 15 U.S.C. § 78bb(f)(5)(B)(i) because it involves a "single lawsuit" where "one or more named parties seek to recover damages on a representative basis on behalf of themselves and others similarly situated."  Plaintiff in fact brings this action on behalf of all shareholders of the Fund, who would receive the benefit of any recovery should plaintiff prevail.

5.      This action does not qualify as an exception to SLUSA as an "exclusively derivative action brought by one or more shareholders on behalf of a corporation," for the simple reason that the Fund is not a corporation, but rather a business trust.  Congress affirmatively distinguishes between a "corporation" and other entities in at least two places within SLUSA; at 15 U.S.C. §§ 78bb(f)(2)(A)(i), the statute distinguishes a "corporation" from "other entities", and at 15 U.S.C. 78bb(f)(5)(D), the authors differentiate a "corporation" from an "investment company, pension plan, partnership or other entity."  In addition, the Second Circuit has held that the word "corporation" when used in federal statutes does not include, "a trust that has not been incorporated," absent Congress expressly designating so in its analysis of another statute. Kresberg v. International Paper Co., 149 F.2d 911, 913 (2d Cir. 1945) , see also, Kingsepp v. Wesleyan Univ., 763 F. Supp. 22, 25-26 (S.D.N.Y. 1991) (relying on Kresberg for identical proposition).

4

6.      This class action concerns a "covered security" under 15 U.S.C. § 77p(f)(3) and/or 15 U.S.C. § 78bb(f)(5)(E), because Putnam's mutual funds are offered by an investment company registered under the Investment Company Act of 1940.

7.      As reflected in the Complaint, plaintiff alleges that Defendants made misrepresentations or omissions of material fact in connection with the purchase or sale of covered securities, and that Defendants used or employed a manipulative or deceptive device or contrivance in connection with the purchase or sale of covered securities. (Compl. ¶¶ 69-71). Such allegations fall within the scope of SLUSA's preemption and removal provisions under 15 U.S.C. §§ 77p(b)-(c) and 78bb(f)(1)-(2).

8.      Accordingly, this Court properly has original jurisdiction pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2) and 28 U.S.C. § 1331, without regard to the amount in controversy or the citizenship of the parties, and is properly removable pursuant to 15 U.S.C. §§ 77p(c) and 78bb(f)(2) and 28 U.S.C. §§ 1331 and 1441. See, e.g., Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 107-13 (2d Cir. 2001).

9.      Removal is also proper under the Investment Company Act of 1940, and the rules and regulations promulgated thereunder, including Rule 22c-1 of the Rules and Regulations under the Investment Company Act of 1940 (the "1940 Act Regs."). Plaintiff's claims are governed by federal law in that they are based on alleged breaches of duties created by federal law and thus removable in their entirety to federal court. See, e.g., D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 99-102 (2d

5

Cir.2001) (federal courts have original jurisdiction over claim premised on state-law allegations concerning improper trading practices where duties alleged to be breached are in essence "rooted in violations of federal law"); 28 U.S.C. § 1331.

10.   To the extent that any individual claim asserted by Plaintiff is not removable or preempted by federal law, this Court has supplemental jurisdiction over such claim pursuant to 28 U.S.C. §§ 1367 and 1441 (c).

11.   Pursuant to 28 U.S.C. § 1446(a), copies of process and pleadings served in the State Court Action are attached as Exhibit A.

12.   The other defendants consent to the removal of this case, as reflected on the consents attached hereto as Exhibit B.

13.   Because this Notice of Removal is being filed within thirty days of the earliest date that any of the Defendants were served with a copy of Plaintiff's complaint, it is timely filed. See 28 U.S.C. § 1446(b).

14.   By filing this Notice of Removal, the Putnam Defendants do not waive any of the defenses that may be available to them, including any objection to the venue of this action. Nor do the remaining Defendants waive any of the defenses available to them, including any objection to the venue of this action, by consenting to its removal.

15.   A copy of this notice will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Suffolk County, as required in 28 U.S.C. § 1446(d).

16.    The Putnam Defendants will give written notification of the filing of this notice to all adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Putnam Defendants respectfully request removal of this action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States Court of the District of Massachusetts.

Dated: March 19, 2004

Respectfully Submitted,


*James R. Carroll*
James R. Carroll (BBO # 554426)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Beacon Street
Boston, MA 02108-3194
(617) 573-4800

*Counsel for Defendants Putnam Investment Management, LLC, Putnam Investments Trust, A.J.C. Smith, Karnig H. Durgarian, Steven D. Krichmar, Michael T. Healy, Brett C. Browchuck, Charles E. Haldeman, Jr., Beth S. Mazor, Richard A. Monaghan, Stephen M. Orstaglio, Gordon H. Silver, Mark C. Trenchard, and Deborah F. Kuenstner*

## CERTIFICATE OF SERVICE

I, James R. Carroll, hereby certify that on March 19, 2004, I caused a true copy of the foregoing Notice of Removal to be served by first class mail, postage prepaid, upon counsel of record as indicated on the service list attached hereto.

Dated: March 19, 2004

_James R. Carroll_
James R. Carroll

## SERVICE LIST

Gilman and Pastor, LLP
Peter A. Lagorio (BBO-567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA. 01906

Furuqi & Faruqi
Shane Rowley
Antonio Vozzolo
David Leventhal
320 East 39th Street
New York, NY 10016

Robbins, Umeda & Fink, LLP
Brian J. Robbins
Jeffrey P. Fink
1010 Second Ave., Suite 2360
San Diego, CA 92101

8